**UNITED STATES of America,**

v.

**Raheen DAVIS, Defendant.**

**No. 05 CR. 0694(VM).**

United States District Court,
S.D. New York.

Aug. 28, 2006.

David L. Jaffe, U.S. Attorney Office, New York City, for Plaintiff.

Michael A. Young, New York City, for Defendant.

### DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

Defendant Raheen Davis ("Davis") moves pursuant to Rules 29(c) and 33 of the Federal Rules of Criminal Procedure for a judgment of acquittal, or, alternatively, for a new trial. Davis was convicted of one count of distributing or possessing with intent to distribute approximately 3.6 grams of cocaine base, commonly known as crack.

This is Davis's second motion for a judgment of acquittal pursuant to Rule 29. Davis's first Rule 29 motion was made after the Government concluded its case at trial. (*See* Tr. at 324.) The Court denied Davis's first Rule 29 motion on the ground that the evidence was more than sufficient to establish all the elements of the crime charged. Davis's current motion merely rehashes the argument made in his previous motion. Accordingly, Davis's motion is denied.

### II. DISCUSSION

#### A. DAVIS'S RULE 29 MOTION

In considering a motion for a judgment of acquittal pursuant to Rule 29, the Court must view the evidence in its totality and in the light most favorable to the Government. *See United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir.1999); *United States v. MacPherson*, 424 F.3d 183, 187 (2d Cir.2005). A court may grant a judgment of acquittal only if it convinced that the evidence supporting the verdict is "so meager that no reasonable jury could find guilt beyond a reasonable doubt." *Guadagna*, 183 F.3d at 130.

Davis argues that the evidence adduced at trial was inadequate to establish his identification as the individual who possessed the drugs and cell phone recovered on April 1, 2005. In support of his argument, Davis notes that Police Officer Tsering Yougyal ("Yougyal") testified that the person who dropped the phone and drugs was similar in size to himself, while Davis was significantly taller and heavier than Yougyal at the time of the arrest; that Yougyal was unable to make an in-court identification of Davis; and that Yougyal testified that he was only 80 percent certain of his photo identification of Davis.

The Court is not persuaded that the evidence supporting Davis's identification was insufficient. The evidence included Yougyal's photo identification of Davis; Davis's admission that the number corresponding to Government Exhibit 2 was that of his cell phone, which Yougyal retrieved when Davis dropped it while escaping arrest; evidence that many of the names and numbers on Davis's contact list at the Metropolitan Correction Center matched the names and numbers on the recent calls and contacts lists found within Government Exhibit 2; evidence that the phone Yougyal recovered on April 1, 2005 had a picture of Al Pacino as "Scarface" and the words "Dice Man" on the screen; and evidence that Davis referred to himself as "Dice." The Court concludes that the evidence considered in its totality and in the light most favorable to the Government is more than sufficient to establish that Davis was the person who dropped

the drugs and cell phone introduced at trial as Exhibits 1 and 2.

█ Davis also contends that the evidence was not sufficient to support a finding that the drugs and phone introduced as Government Exhibits 1 and 2 were the same drugs and phone recovered on April 1, 2005. Davis supports his argument by noting that the drugs admitted into evidence included 35 pink plastic bags and six clear bags, while Yougyal testified that he recovered 41 "pinkish" bags. Davis further notes that the property vouchers for Government Exhibits 1 and 2 list the 32nd Precinct, suggesting that the items were vouchered in the 32nd Precinct, while Yougyal testified that he vouchered the drugs and phone at the Police Service Area–6 ("PSA–6") station house.

The Court finds no merit in Davis's arguments. The evidence in the record, including Yougyal's testimony, is more than sufficient to establish that the drugs and phone introduced were the same drugs and phone Yougyal recovered on April 1, 2005. Furthermore, the minimal discrepancies Davis points to do not undermine the sufficiency of the evidence. The purported discrepancy between Yougyal's testimony that the phone and drugs were vouchered at PSA–6 and the notation on the vouchers indicating that the items were processed in the 32nd Precinct is explained by testimony that PSA–6 is located *within* the 32nd Precinct. (*See* Tr. 242.) Additionally, Yougyal's testimony that the 41 vouchered bags were "pinkish" does not raise serious concerns, as it is reasonable to infer that the 35 pink and 6 clear bags, viewed together, could have appeared or been described as "pinkish." Accordingly, Davis's Rule 29 motion is denied.

### B. *DAVIS'S RULE 33 MOTION*

█ Davis also moves pursuant to Rule 33 for a new trial on the same grounds asserted in support of his Rule 29 motion. A court should grant a motion for a new trial pursuant to Rule 33 only in "the most extraordinary circumstances." *United States v. Sanchez,* 969 F.2d 1409, 1414 (2d Cir.1992). The ultimate test is whether letting a guilty verdict stand would be a "manifest injustice." *See id.* In light of the more than sufficient evidence in the record supporting the jury verdict, described above, the Court concludes that permitting Davis's guilty verdict to stand would not be a manifest injustice. Accordingly, Davis's Rule 33 motion is denied.

### III. *ORDER*

For the reasons stated above, it is hereby ORDERED that the motion of defendant Raheen Davis for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 or for a new trial pursuant to Rule 33 is DENIED.

**SO ORDERED.**